# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL PORK PRODUCERS COUNCIL & AMERICAN FARM BUREAU FEDERATION,<br><br>         Plaintiffs,<br>v.<br>KAREN ROSS, in her official capacity as Secretary of the California Department of Food & Agriculture, et al.,<br><br>         Defendants. | Case No.: 19-cv-02324 W (AHG)<br><br>**ORDER GRANTING DEFENDANT-INTERVENORS' MOTION TO INTERVENE [DOC. 16]** |

  Before this Court is the unopposed motion by The Humane Society of the United States, Animal Legal Defense Fund, Animal Equality, The Humane League, Farm Sanctuary, Compassion in World Farming USA, and Compassion Over Killing (collectively "Proposed Defendant-Intervenors") seeking leave to intervene as defendants. For the reasons discussed below, the Court **GRANTS** the motion. [Doc. 16.]

  Under Federal Rule of Civil Procedure 24, a party may seek to intervene as of right or with leave of the Court. "A motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court." <u>San Jose Mercury News, Inc. v. U.S. Dist. Ct.</u>, 187 F.3d 1096, 1100 (9th Cir. 1999). Such intervention is available when

1

the applicant seeking to intervene demonstrates "(1) independent grounds for jurisdiction; (2) [that] the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." Nw. Forest Res. Council v. Glickman, 82 F.3d 825, 839 (9th Cir. 1996). In reaching the determination of whether the motion is timely, the Court should consider "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc., 62 F.3d 1217, 1219 (9th Cir. 1995).

The Court finds Proposed Defendant-Intervenors have satisfied the three elements necessary to intervene permissively. First, the case before the Court is a federal question, and intervenors do not propose to raise any new claims, alleviating jurisdictional concerns. See Freedom from Religion Found., Inc. v. Geithner, 644 F.3d 836, 844 (9th Cir. 2011). Second, this motion is timely, as it was filed less than two weeks after the Plaintiffs initiated this action, and Plaintiffs' consent indicates that intervenors would not cause prejudice to other parties. Finally, Proposed Defendant-Intervenors represent to the Court that their "defenses are based solely on legal arguments as to insufficiency of the claims raised by the Plaintiff[s]." (*Proposed Def.-Interv. P. & A.* [Doc. 16-2], 16:3–4.) This satisfies the liberally construed Rule 24(b)(1)(B) requirement that proposed intervenors share a common issue of law with the main action. See Bureerong v. Uvawas, 167 F.R.D. 83, 85–86 (C.D. Cal. Jan. 8, 1996).

Accordingly, the Proposed Defendant-Intervenors' motion is **GRANTED**. [Doc. 16.] The Proposed Defendant-Intervenors shall be permitted to intervene in this action pursuant to the parties' agreed-upon conditions: (1) intervenors will abide by the same deadlines applicable to the original defendants; (2) intervenors will file jointly; and (3) intervenors will not seek discovery from Plaintiffs or its members, nor will Plaintiffs seek discovery from the proposed intervenors or their members, with the exception of pre-trial disclosure obligations and participation in depositions of witnesses. Defendant-Intervenors' lodged Answer, [Doc. 16-1], is deemed filed as of the date of this order.

1 | Defendant-Intervenors are **ORDERED** to re-file the Answer within forty-eight hours of
2 | the issue of this order.

**IT IS SO ORDERED.**

Dated: January 9, 2020

*[signature]*
Hon. Thomas J. Whelan
United States District Judge