XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
R. MATTHEW WISE
Deputy Attorney General
State Bar No. 238485
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-6046
Fax: (916) 324-8835
E-mail: Matthew.Wise@doj.ca.gov
*Attorneys for Defendants Secretary Ross, Director Angell, and Attorney General Becerra*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

**NATIONAL PORK PRODUCERS COUNCIL; AMERICAN FARM BUREAU FEDERATION,**

Plaintiffs,

**v.**

**KAREN ROSS, in her official capacity as Secretary of the California Department of Food & Agriculture; SONIA ANGELL, in her official capacity as Director of the California Department of Public Health; XAVIER BECERRA, in his official capacity as Attorney General of California,**

Defendants.

Case No. 3:19-cv-02324-W-AHG

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**[Fed. R. Civ. P. 12(b)(6)]**

**NO ORAL ARGUMENT PURSUANT TO LOCAL RULE**

Date: March 23, 2020
Courtroom: 3C
Judge: Hon. Thomas J. Whelan
Trial Date: None set
Action Filed: December 5, 2019

## TABLE OF CONTENTS

**Page**

Introduction ..... 1
Background ..... 2
- I. Proposition 2 ..... 2
- II. Assembly Bill 1437 ..... 2
- III. Proposition 12 ..... 3
- IV. Parallel Litigation Challenging Proposition 12 ..... 4
- V. This Lawsuit ..... 5

Legal Standard ..... 5
Argument ..... 6
- I. Proposition 12 Does Not Regulate Extraterritorially ..... 8
- II. Proposition 12 Does Not Substantially Burden Interstate Commerce—and Even If It Did, Such a Burden Would Not Clearly Exceed the Benefits to California ..... 10
- III. The Complaint Should Be Dismissed Without Leave to Amend ..... 12

Conclusion ..... 12

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Am. Fuel & Petrochemical Mfrs. v. O'Keeffe*
903 F.3d 903 (9th Cir. 2018) ........ 7, 9, 10

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ........ 6

*Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*
729 F.3d 937 (9th Cir. 2013) ........ *passim*

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*
459 U.S. 519 (1983) ........ 6

*Baldwin v. G.A.F. Seelig, Inc.*
294 U.S. 511 (1935) ........ 8

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) ........ 5

*Brown-Forman Distillers Corp. v. N.Y. State Liquor Auth.*
476 U.S. 573 (1986) ........ 6, 7, 8, 10

*Burlington N. R.R. Co. v. Dep't of Pub. Serv. Regulation*
763 F.2d 1106 (9th Cir. 1985) ........ 11

*C & A Carbone, Inc. v. Town of Clarkstown*
511 U.S. 383 (1994) ........ 7

*Carrico v. City & Cnty. of San Francisco*
656 F.3d 1002 (9th Cir. 2011) ........ 12

*Chinatown Neighborhood Ass'n v. Harris*
794 F.3d 1136 (9th. Cir. 2015) ........ 8, 9, 10, 12

*Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*
508 U.S. 520 (1993) ........ 12

*Corrie v. Caterpillar*
503 F.3d 974 (9th Cir. 2007) ........ 6

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Daniels Sharpsmart, Inc. v. Smith*
889 F.3d 608 (9th Cir. 2018) ........ 8

*Dep't of Revenue of Ky. v. Davis*
553 U.S. 328 (2008) ........ 6

*Exxon Corp. v. Governor of Md.*
437 U.S. 117 (1978) ........ 11

*Healy v. Beer Inst.*
491 U.S. 324 (1989) ........ 6, 7, 8

*Missouri ex. rel. Koster v. Harris*
847 F.3d 646 (9th Cir. 2017) ........ 3

*Missouri v. California*
No. 22O148 (U.S. Jan. 7, 2019) ........ 3

*N. American Meat Inst. v. Becerra*
No. 2:19-CV-08569-CAS (FFMx), 2019 WL 6253701 (C.D. Cal. Nov. 22, 2019) ........ *passim*

*Nat'l Ass'n of Optometrists & Opticians LensCrafters, Inc. v. Brown*
567 F.3d 521 (9th Cir. 2009) ........ 7

*Nat'l Ass'n of Optometrists & Opticians v. Harris*
682 F.3d 1144 (9th Cir. 2012) ........ 7, 10, 11

*NCAA v. Miller*
10 F.3d 633 (9th Cir. 1993) ........ 8

*Paulson v. CNF, Inc.*
559 F.3d 1061 (9th Cir. 2009) ........ 6

*Pharm. Research & Mfrs. of Am. v. Walsh*
538 U.S. 644 (2003) ........ 9, 10

*Pike v. Bruce Church, Inc.*
397 U.S. 137 (1970) ........ 7, 10

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Rocky Mountain Farmers Union v. Corey*
913 F.3d 940 (9th Cir. 2019) .................... 9, 10

*Sam Francis Foundation v. Christies*
784 F.3d 1320 (9th Cir. 2015) .................... 8, 9

*United States v. Stevens*
559 U.S. 460 (2010) .................... 11

**STATUTES**

California Health and Safety Code
§ 25990 .................... 2
§§ 25990-25993 .................... 3
§§ 25990-25994 .................... 2
§ 25990(a) .................... 3
§ 25990(b)(1) .................... 4
§ 25990(b)(2) .................... 4
§ 25991(b) .................... 2
§ 25991(e)(1) .................... 3
§ 25991(e)(3) .................... 3
§ 25992 .................... 3
§ 25993(b) .................... 4
§ 25993.1 .................... 3
§§ 25995-25997.1 .................... 2
§ 25995(a) .................... 3
§ 25996 .................... 3

**CONSTITUTIONAL PROVISIONS**

United States Constitution
Article I, § 8, cl. 3 .................... 6

**COURT RULES**

Federal Rules of Civil Procedure
Rule 12(b)(6) .................... 5

## TABLE OF AUTHORITIES
**(continued)**

**Page**

**OTHER AUTHORITIES**

Assembly Bill No. 376 (2011-2012) ........ 1

Assembly Bill No. 1437 (2009-2010) ........ 1, 2

Cal. Stats. 2010, c. 51, § 1 ........ 2, 3

Senate Bill No. 1520 (2003-2004) ........ 1

## INTRODUCTION

In the November 2018 election, California voters approved Proposition 12 "to prevent animal cruelty by phasing out extreme methods of farm animal confinement." Prop. 12, § 2, as approved by voters, Gen. Elec. (Nov. 6, 2018). This initiative statute requires California farmers to house veal calves, breeding pigs, and egg-laying hens in confinement systems that comply with specific standards for freedom of movement, minimum floorspace, and cage-free design. It also prohibits the sale in California of meat from an animal that is not housed in compliance with these standards.[1]

Plaintiffs National Pork Producers Council and American Farm Bureau Federation, whose members include pork producers and other industry stakeholders, seek to enjoin Defendants[2] from enforcing Proposition 12 on the ground that it violates the dormant Commerce Clause. But for the same reasons that a neighboring district court recently concluded that a preliminary injunction motion challenging Proposition 12 "fail[ed] to raise any serious questions on the merits," *N. American Meat Inst. v. Becerra*, No. 2:19-CV-08569-CAS (FFMx), 2019 WL 6253701 (C.D. Cal. Nov. 22, 2019), at *5, *appeal docketed*, No. 19-56408 (9th Cir. Dec. 5, 2019), the complaint here—which does not allege that Proposition 12 is discriminatory but otherwise brings identical claims—fails to state a claim upon which relief may be granted. The Ninth Circuit has repeatedly held—consistent with Supreme Court precedent—that the uniform regulation of in-state

---

[1] Proposition 12 is the latest in a series of California laws that have been enacted in recent years to prevent animal cruelty and promote food safety. *See*, *e.g.*, Proposition 2 (2008) (requiring California farmers to house veal calves, pigs that are pregnant, and egg-laying hens in confinement systems that comply with specific standards for freedom of movement); Assembly Bill No. 1437 (2009-2010) (prohibiting the sale in California of eggs produced by egg-laying hens that were not confined in compliance with Proposition 2's animal care standards); Senate Bill No. 1520 (2003-2004) (prohibiting the sale in California of foie gras produced by force feeding a bird); Assembly Bill No. 376 (2011-2012) (prohibiting the sale in California of shark fins obtained unlawfully).

[2] Defendants are California Department of Food and Agriculture Secretary Karen Ross, Department of Public Health Director Sonia Angell, and Attorney General Xavier Becerra.

sales is constitutional, even if such regulation has upstream effects. *See, e.g.*, *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937 (9th Cir. 2013). Here, Proposition 12 regulates evenhandedly, regardless of the origin of the product, and only applies to sales within California. *N. American Meat Inst.*, 2019 WL 6253701, at *14. California has an established interest in preventing animal cruelty, and the law permits California to further this interest by exercising its police powers over its own local markets. Plaintiffs' complaint should be dismissed without leave to amend.

## BACKGROUND

### I. PROPOSITION 2

In the November 2008 election, California voters enacted Proposition 2, the Prevention of Farm Animal Cruelty Act, "to prohibit the cruel confinement of farm animals in a manner that does not allow them to turn around freely, lie down, stand up, and fully extend their limbs." Prop. 2, § 2, as approved by voters, Gen. Elec. (Nov. 4, 2008). Proposition 2 added sections 25990 through 25994 to the California Health and Safety Code, effective January 1, 2015.[3] *Id.* § 5. These provisions prohibited California farmers from "tether[ing] or confin[ing]" pigs that are pregnant, calves raised for veal, or egg-laying hens "on a farm, for all or the majority of any day, in a manner that prevents such animal from: (a) Lying down, standing up, and fully extending his or her limbs; and (b) Turning around freely." §§ 25990, 25991(b).

### II. ASSEMBLY BILL 1437

In 2010, the California Legislature enacted Assembly Bill No. 1437 (AB 1437), adding sections 25995 through 25997.1 to the California Health and Safety Code. Cal. Stats. 2010, c. 51, § 1. Beginning on January 1, 2015, AB 1437 prohibited the sale in California of shelled eggs produced by egg-laying hens that

[3] All statutory references are to the California Health and Safety Code, unless otherwise noted.

were not confined in compliance with Proposition 2's animal care standards. § 25996. Among the findings cited in support of this law is a Pew Commission on Industrial Farm Production report concluding that "food animals that are treated well and provided with at least minimum accommodation of their natural behaviors and physical needs are healthier and safer for human consumption." § 25995(a). A challenge to AB 1437 brought by six states under the dormant Commerce Clause was dismissed for lack of standing. *Missouri ex. rel. Koster v. Harris*, 847 F.3d 646, 650 (9th Cir. 2017). A larger group of states unsuccessfully sought to initiate an original jurisdiction action against California in the Supreme Court. *Missouri v. California*, No. 22O148 (U.S. Jan. 7, 2019).

## III. PROPOSITION 12

In the November 2018 election, California voters enacted Proposition 12, the Farm Animal Confinement Initiative, "to prevent animal cruelty by phasing out extreme methods of farm animal confinement, which also threaten the health and safety of California consumers, and increase the risk of foodborne illness and associated negative fiscal impacts on the State of California." Prop. 12, § 2, as approved by voters, Gen. Elec. (Nov. 6, 2018). Proposition 12 amends sections 25990 through 25993 of the California Health and Safety Code and adds section 25993.1. *Id.* §§ 3-7.

Proposition 12 prohibits "[a] farm owner or operator within the state" from confining a covered animal in a "cruel manner"—specifically, as relevant here, confining a calf raised for veal, a pig that is breeding, or an egg-laying hen "in a manner that prevents the animal from lying down, standing up, fully extending the animal's limbs, or turning around freely," and, after December 31, 2021, confining a breeding pig with less than 24 square feet of usable floorspace. §§ 25990(a); 25991(e)(1), (3).[4] Proposition 12 also prohibits the sale in California of "[w]hole

[4] Section 25992 includes exceptions to these confinement requirements for medical research, veterinary care, transportation, exhibitions, slaughter, periods

pork meat that the business owner or operator knows or should know is the meat of a covered animal who was confined in a cruel manner, or is the meat of immediate offspring of a covered animal who was confined in a cruel manner." § 25990(b)(1), (b)(2). Proposition 12 maintains the same penalties as Proposition 2 and AB 1437: any person who violates these provisions is guilty of a misdemeanor, and upon conviction is subject to a fine not greater than $1,000, or imprisonment in the county jail for 180 days or less, or both. § 25993(b).

## IV. PARALLEL LITIGATION CHALLENGING PROPOSITION 12

On October 4, 2019, the North American Meat Institute, a trade association representing meat packers and processors, filed a lawsuit, as well as a preliminary injunction motion, challenging Proposition 12's standards for veal and pork products that are sold in California. *N. American Meat Inst.*, No. 2:19-CV-08569-CAS (FFMx) (C.D. Cal. Oct. 4, 2019), ECF Nos. 1, 15. The Meat Institute brought three claims under the dormant Commerce Clause, alleging that Proposition 12 (1) "discriminat[es] against out-of-state producers, distributers and sellers of pork and veal," *id.*, ECF No. 1 at ¶ 45, (2) "violates the constitutional prohibition against extraterritorial state regulation," *id.*, ECF No. 1 at ¶ 66, and (3) "impos[es] unreasonable burdens on interstate and foreign commerce that are clearly excessive when measured against any legitimate local benefits," *id.*, ECF No. 1 at ¶ 78. The Meat Institute seeks a declaration "that Proposition 12's sales ban, as applied to veal and pork from outside California, violates the United States Constitution and is unenforceable," and a preliminary and permanent injunction enjoining the same defendants as in this case from enforcing this prohibition. *Id.*, ECF No. 1 at 14. On October 29, 2019, a number of animal welfare organizations—the Humane Society of the United States, the Animal Legal Defense Fund, Animal Equality, The Humane League, Farm Sanctuary, Compassion in World Farming USA, and

---

before a breeding pig is expected to give birth or when a breeding pig is nursing, and temporary periods for animal husbandry.

Compassion Over Killing—filed a motion to intervene as defendants. *Id.*, ECF No. 25. On November 22, 2019, the Court issued a final ruling granting the intervenors' motion and denying the Meat Institute's preliminary injunction motion. *Id.*, 2019 WL 6253701, at *15. The Meat Institute filed an appeal on December 3, 2019. *Id.*, ECF No. 47. A motion to dismiss the Meat Institute's case will be heard on February 24, 2020. *Id.*, ECF No. 44.

## V. THIS LAWSUIT

On December 5, 2019, Plaintiffs filed this lawsuit challenging Proposition 12's standards for pork products that are sold in California. Plaintiffs bring two claims under the dormant Commerce Clause, alleging that Proposition 12 (1) "extends California's police powers beyond its borders by regulating conduct that occurs outside the state," Compl. ¶ 459, and (2) "places excessive burdens on interstate commerce without advancing any legitimate local interest," *id.* ¶ 465. This case is thus narrower than the *North American Meat Institute* litigation; Plaintiffs contest the standards related to pork products only and do not claim that Proposition 12 is discriminatory. Plaintiffs seek a declaration "that Proposition 12 is invalid because it violates the U.S. Constitution and is unenforceable," and a permanent injunction enjoining Defendants "from implementing or enforcing Proposition 12." *Id.* at 71. On December 18, 2019, the same animal welfare organizations that intervened in the *North American Meat Institute* case filed a motion to intervene as defendants here. ECF No. 16. This Court granted that motion on January 9, 2020. ECF No. 17.

## LEGAL STANDARD

A motion to dismiss may be brought to challenge the sufficiency of the allegations in the complaint. Fed. R. Civ. P. 12(b)(6). The complaint must allege facts establishing "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In evaluating a 12(b)(6) motion, the court accepts the factual allegations as true, and construes them in the light most favorable to the plaintiff. *Corrie v. Caterpillar*, 503 F.3d 974, 977 (9th Cir. 2007). The court is not, however, required to assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Paulson v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). Likewise, a court must not "assume that the [plaintiff] can prove facts that it has not alleged or that defendants have violated . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## ARGUMENT

Plaintiffs cannot state a viable claim that Proposition 12 violates the dormant Commerce Clause. The Commerce Clause authorizes Congress to "regulate Commerce with foreign Nations, and among the several States . . . ." U.S. Const., art. I, § 8, cl. 3. It includes an implied limitation on the states' regulatory authority often referred to as the negative or dormant Commerce Clause. *Healy v. Beer Inst.*, 491 U.S. 324, 326 n.1 (1989). This doctrine's central concern is "economic protectionism—that is, regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors." *Dep't of Revenue of Ky. v. Davis*, 553 U.S. 328, 337-38 (2008). At the same time, courts balance this check on protectionism against the Framers' regard for "federalism favoring a degree of local autonomy." *Id.* at 338.

The Supreme Court has adopted a two-tiered approach to determine whether a law violates the dormant Commerce Clause. *Ass'n des Eleveurs*, 729 F.3d at 948 (citing *Brown-Forman Distillers Corp. v. N.Y. State Liquor Auth.*, 476 U.S. 573, 578-79 (1986)). Courts first ask whether the law "regulates or discriminates against interstate commerce, or [] its effect is to favor in-state economic interests . . . ." *Id.*

(quoting *Brown-Forman*, 476 U.S. at 579). If the law discriminates against out-of-state entities, it is subject to a form of strict scrutiny. *Nat'l Ass'n of Optometrists & Opticians LensCrafters, Inc. v. Brown*, 567 F.3d 521, 524 (9th Cir. 2009) (citing *C & A Carbone, Inc. v. Town of Clarkstown*, 511 U.S. 383, 392 (1994)). Similarly, a state statute that directly controls commerce taking place wholly outside state borders is usually struck down. *Healy*, 491 U.S. at 336; *Brown-Forman*, 476 U.S. at 579.

On the other hand, a nondiscriminatory law that does not regulate extraterritorially "will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits." *Am. Fuel & Petrochemical Mfrs. v. O'Keeffe*, 903 F.3d 903, 916 (9th Cir. 2018) (quoting *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970)). Before engaging in this balancing, which derives from *Pike v. Bruce Church, Inc.*, courts must assess a "critical requirement for proving a violation of the dormant Commerce Clause"—whether there is a "*substantial burden* on *interstate commerce*." *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1148 (9th Cir. 2012) (emphasis in original). In the few dormant Commerce Clause cases invalidating nondiscriminatory statutes that imposed substantial burdens on interstate commerce, such burdens generally arose from inconsistent regulation of activities that require a uniform system of regulation. *Id.* at 1148. Absent such a substantial burden on interstate commerce, *Pike* balancing does not apply, and there is no violation of the dormant Commerce Clause. *Id.* at 1156-57.

Plaintiffs claim that Proposition 12's standards for pork products that are sold in California violate the dormant Commerce Clause by regulating the conduct of pork producers extraterritorially and unduly burdening interstate commerce. That is wrong. Proposition 12 is constitutional because it applies uniformly to all pork sales in California—and only to sales in California—and because it does not

impose a substantial burden on interstate commerce. Plaintiffs have not stated a cognizable claim.

## I. PROPOSITION 12 DOES NOT REGULATE EXTRATERRITORIALLY

Plaintiffs allege that Proposition 12 regulates extraterritorially by controlling pork production outside of California. Compl. ¶ 293. But that claim fails as a matter of law because Proposition 12 is not an extraterritorial regulation. A state law regulates extraterritorially only where it directly controls "commerce occurring wholly outside the boundaries of a State," either by its terms or in "practical effect." *Healy*, 491 U.S. at 336. Proposition 12, however, addresses the standards for products that are sold in California, and thus, under well-established precedent in this circuit, regulates only in-state commerce.

The dormant Commerce Clause's prohibition against extraterritorial legislation is narrow and rarely used to strike down state statutes. To violate this prohibition, a statute must regulate transactions occurring entirely out-of-state. *See, e.g.*, *Daniels Sharpsmart, Inc. v. Smith*, 889 F.3d 608, 615-16 (9th Cir. 2018) (invalidating law mandating incineration of medical waste "wholly outside of the State"); *Sam Francis Foundation v. Christies*, 784 F.3d 1320, 1323 (9th Cir. 2015) (en banc) (invalidating part of law regulating "out-of-state sales by California residents); *NCAA v. Miller*, 10 F.3d 633, 638-40 (9th Cir. 1993) (invalidating law regulating NCAA disciplinary proceedings where NCAA was required to apply Nevada's rules in proceedings involving no Nevada nexus).[5] Yet a statute that "has significant extraterritorial effects [] passes Commerce Clause muster when [] those effects result from the regulation of in-state conduct." *Chinatown Neighborhood*

---

[5] The Supreme Court has been similarly sparing in striking down statutes as extraterritorial. *See Baldwin v. G.A.F. Seelig, Inc.*, 294 U.S. 511, 519 (1935) (invalidating New York milk-pricing law that regulated prices paid for milk purchased in other states); *Healy*, 491 U.S. at 338 (invalidating Connecticut price-affirmation law that regulated price of beer sold in Massachusetts); *Brown-Forman*, 476 U.S. at 575-76, 582-83 (invalidating New York price-affirmation law that had effect of requiring distillers to seek approval from state regulators for prices charged out-of-state).

*Ass'n v. Harris*, 794 F.3d 1136, 1145 (9th. Cir. 2015); *see also Pharm. Research & Mfrs. of Am. v. Walsh*, 538 U.S. 644, 669-70 (2003) (rejecting extraterritoriality challenge to Maine drug-rebate program that subjected certain out-of-state drug manufacturers to a "prior authorization" procedure, even though the law may have influenced the terms on which manufacturers sold their products to out-of-state distributors or reduced the ultimate net benefit of those sales).

Accordingly, the Ninth Circuit has consistently rejected claims that statutes regulating in-state sales impermissibly extend beyond the state's borders. *Ass'n des Eleveurs*, 729 F.3d at 949-951 (rejecting extraterritoriality challenge in preliminary injunction motion to California law prohibiting the in-state sale of certain products produced by force feeding a bird); *Chinatown Neighborhood Ass'n*, 794 F.3d at 1145-46 (rejecting extraterritoriality challenge to California law prohibiting the in-state sale of shark fins obtained unlawfully); *Rocky Mountain*, 730 F.3d at 1101-04 (rejecting extraterritoriality challenge to California law setting carbon intensity standard for in-state sale of fuel); *Am. Fuel*, 903 F.3d at 916-17 (rejecting extraterritoriality challenge to Oregon law setting carbon intensity standard for in-state sale of fuel). Given this controlling precedent, a neighboring district court determined that, because "Proposition 12's in-state sales prohibition only applies to 'in-state conduct'—sales of meat products in California—not conduct that takes place 'wholly outside' California," *N. American Meat Inst.*, 2019 WL 6253701, at *12 (quoting *Christies*, 784 F.3d at 1323-24), "[i]t is accordingly a perfectly lawful exercise of California's 'state sovereignty protected by the Constitution,'" *id.* (quoting *Rocky Mountain Farmers Union v. Corey*, 913 F.3d 940, 952 (9th Cir. 2019) (*Rocky Mountain II*)).

This Court should reach the same conclusion. Far from regulating any transactions occurring outside of California, Proposition 12 addresses only the market within the state; it is wholly indifferent to pork products sold out-of-state. That private producers in other states may have to alter their production practices

with respect to pork they wish to sell in California, *see, e.g.*, Compl. ¶ 71, does not mean that Proposition 12 regulates extraterritorially. *See Rocky Mountain*, 730 F.3d at 1103 (contrasting permissible regulations of in-state transactions that produce out-of-state effects with impermissible regulations of wholly out-of-state transactions) (citing *Walsh*, 538 U.S. at 669). As the Ninth Circuit has recognized, "the dormant Commerce Clause does not guarantee that [] producers may compete on the terms they find most convenient." *Rocky Mountain*, 730 F.3d at 1092; *see also Am. Fuel*, 903 F.3d at 915 (same); *Harris*, 682 F.3d at 1151 ("dormant Commerce Clause does not . . . guarantee Plaintiffs their preferred method of operation"). Plaintiffs' first claim should be dismissed.

## II. PROPOSITION 12 DOES NOT SUBSTANTIALLY BURDEN INTERSTATE COMMERCE—AND EVEN IF IT DID, SUCH A BURDEN WOULD NOT CLEARLY EXCEED THE BENEFITS TO CALIFORNIA

Because Proposition 12 "regulates evenhandedly," as Plaintiffs essentially concede, and "has only indirect effects on interstate commerce," *ante* Argument I, it must be sustained so long as the state interest underlying the law is legitimate and the putative local benefits of the law are not "clearly exceed[ed] by any burden on interstate commerce." *See Brown-Forman*, 476 U.S. at 579 (citing *Pike*, 397 U.S. at 142). To invoke this balancing test, Plaintiffs must satisfy a threshold requirement: they "must first show that the statute imposes a substantial burden before the court will 'determine whether the benefits of the challenged laws are illusory.'" *Ass'n des Eleveurs*, 729 F.3d at 951-52 (quoting *Harris*, 682 F.3d at 1155). The Ninth Circuit has identified two ways of meeting this requirement—by showing either that the law is discriminatory, or that it creates "inconsistent regulation of activities that are inherently national or require a uniform system of regulation." *Id.* at 952 (quoting *Harris*, 682 F.3d at 1148); *Chinatown Neighborhood Ass'n*, 794 F.3d at 1146-47. Neither applies here.

Like the *North American Meat Institute* plaintiffs, Plaintiffs here do not allege that Proposition 12 "present[s] the potential for the inconsistent regulation of

activities that require a uniform system of regulation." *See N. American Meat Inst.*, 2019 WL 6253701, at *13. Instead, they allege that Proposition 12's standards for the in-state sale of pork constitute a substantial burden by requiring "changes in physical plants and operations" that will "impose serious financial hardship on pork producers," Compl. ¶ 340, and that may be "too steep" for some farmers to continue selling their products in California, *id.* ¶ 335. But "the Commerce Clause does not protect 'the particular structure or methods of operation in a retail market.'" *Harris*, 682 F.3d at 1151 (quoting *Exxon Corp. v. Governor of Md.*, 437 U.S. 117, 127 (1978)). Interstate commerce is not significantly burdened "merely because a non-discriminatory regulation precludes a preferred, more profitable method" of doing business. *Id.* at 1154; *see also Ass'n des Eleveurs*, 729 F.3d at 952; *Burlington N. R.R. Co. v. Dep't of Pub. Serv. Regulation*, 763 F.2d 1106, 1114 (9th Cir. 1985) ("a loss to the company does not, without more, suggest that the [] statute impedes substantially the free flow of commerce from state to state") (quotation marks omitted). Where, as here, the law "does not regulate activities that inherently require a uniform system of regulation and does not otherwise impair the free flow of materials and products across state borders, there is not a significant burden on interstate commerce." *See Harris*, 682 F.3d at 1154-55; *N. American Meat Inst.*, 2019 WL 6253701, at *14 (finding no substantial burden on interstate commerce where the plaintiffs' argument was "ultimately a complaint about the cost of complying with Proposition 12's requirements").

Even if Plaintiffs could satisfy *Pike*'s threshold requirement of a substantial burden, their claim would fail because they have not sufficiently alleged that Proposition 12's incidental burdens on interstate commerce would clearly outweigh its considerable benefits. Instead, Plaintiffs' complaint attempts to minimize Proposition 12's primary benefit, Compl. ¶¶ 351-418—the significant interest, long recognized by the courts, in preventing animal cruelty. *United States v. Stevens*, 559 U.S. 460, 469 (2010) ("[T]he prohibition of animal cruelty itself has a long

history in American law, starting with the early settlement of the Colonies"); *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 538 (1993); *Ass'n des Eleveurs*, 729 F.3d at 952; *Chinatown Neighborhood Ass'n*, 794 F.3d at 1147. Proposition 12 advances this interest by "discourag[ing] the consumption of products produced" from animals confined in a cruel manner and "prevent[ing] complicity in a practice that [the State] deem[s] cruel to animals." *See Ass'n des Eleveurs*, 729 F.3d at 952. None of the burdens that Plaintiffs have alleged—which generally amount to "financial hardship on pork producers" resulting from "changes in physical plants and operations," Compl. ¶ 340—clearly exceed Proposition 12's tangible benefits.[6]

## III. THE COMPLAINT SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

Leave to amend "is properly denied . . . if amendment would be futile. *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). Because the complaint fails to state a viable claim—and consistent with the determination in *North American Meat Institute* that the plaintiff there "fail[ed] to raise any questions on the merits of its three commerce clause claims that would support the issuance of a preliminary injunction," 2019 WL 6253701, at *11—amendment would be futile, and the complaint should be dismissed without leave to amend.

## CONCLUSION

Defendants respectfully request that the Court grant their motion to dismiss Plaintiffs' complaint in its entirety and dismiss Plaintiffs' complaint without leave to amend.

[6] Plaintiffs dispute whether Proposition 12's other main benefit—protecting food safety—applies to pork products. Compl. ¶ 422. It is unnecessary for the Court to resolve this issue because the prevention of animal cruelty is unquestionably a recognized benefit that applies here.

Dated: January 10, 2020

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

***/s/ R. Matthew Wise***

R. MATTHEW WISE
Deputy Attorney General
*Attorneys for Defendants Secretary Ross, Director Angell, and Attorney General Becerra*

SA2019106290
14310299.docx

# CERTIFICATE OF SERVICE

Case Name: **National Pork Producers Council, et al v. Ross, et al** No. **3:19-cv-02324-W-AHG**

I hereby certify that on January 10, 2020, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**[Fed. R. Civ. P. 12(b)(6)]**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 10, 2020, at Sacramento, California.

| Eileen A. Ennis | Eileen A. Ennis |
|---|---|
| Declarant | Signature |

SA2019106290
14342572.docx